# Third District Court of Appeal
## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0708
Lower Tribunal No. 20-246-K
_____


**Liansy C. Carbonell, et al.,**
Appellants,

vs.

**Marshall Glade, etc.,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Mendez Law Offices, PLLC, and Diego G. Mendez, for appellants.

Nelson Mullins Riley & Scarborough LLP, and Gary M. Freedman and Frank P. Terzo; Berger Singerman LLP, and Brian G. Rich and Michael J. Niles, for appellee.


Before EMAS, LOBREE and BOKOR, JJ.

EMAS, J.

Marshall Glade is the liquidating trustee of the Campbellton-Graceville Hospital Liquidating Trust, and the plaintiff in the trial proceedings. After obtaining a money judgment in 2019 against defendants Empower H.I.S., LLC and Jorge A. Perez, Glade filed a petition for proceedings supplementary, naming as defendants Perez, Liansy C. Carbonell (Perez's girlfriend), and Empower Investment Group, LLC (EIG) (collectively, defendants). Glade alleged, in part, that certain properties owned by one or more defendants were fraudulently transferred, and sought to seize and dispose of those properties in execution upon the money judgment.

During the proceedings supplementary, defendants' counsel moved to withdraw from further representation. The trial court granted the motion and in September of 2021 entered two separate orders (one as to Perez, the other as to Carbonell and EIG) granting the motions to withdraw and directing each defendant to either retain new counsel, or to file a notice of self-representation.[1] As to Perez, the order provided that failure to comply will

---

[1] The order advised that self-representation was not an available option for EIG and that, as a corporate entity, it may appear only through counsel. See Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247, 248 (Fla. 3d DCA 1985) ("It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." (citing Nicholson Supply Co. v. First Fed. Sav. & Loans Ass'n of Hardee Cnty., 184 So. 2d 438 (Fla. 2d DCA 1966))).

create a presumption that the defendant no longer desires to have his position represented in the lawsuit and that sanctions may be imposed by the trial court, including the striking of defendant's pleadings and entry of a default. The order directed to Carbonell and EIG provided that failure to comply will result in the striking of their pleadings and entry of default. Without belaboring the point, it is undisputed that defendants failed to comply with the trial court's orders, and the record further demonstrates (as the court found) that defendants engaged in other dilatory tactics during the pendency of the proceedings supplementary.

As a result of several hearings held in January and March of 2023, the trial court granted Glade's motions to strike defendants' pleadings and for entry of default and default final judgment. On appeal, defendants EIG, Perez[2] and Carbonell challenge the trial court's order striking defendants'

---

[2] We reject Glade's contention that Perez is not a party to this appeal. See Westfield Ins. Co. v. Sloan, 671 So. 2d 881, 882 (Fla. 5th DCA 1996) (holding law firm could be added by amendment to notice of appeal naming only client as appellant after time for filing appeal had run, absent showing that appellee was substantially prejudiced) (citing Fla. R. App. P 9.110(d) and committee notes following) ("The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced."); Milar Galleries, Inc. v. Miller, 349 So. 2d 170, 171 (Fla. 1977) ("[T]he purpose of a notice of appeal is to disclose to an adverse party and the reviewing court that an appeal from an appealable order, judgment or decree of the trial court is intended. . . . As long as parties have received that notice and have not been prejudiced by any deficiencies or ambiguities in the notice of appeal, the dismissal of such

3

pleadings and entering default judgment for failing to comply with the trial court's withdrawal orders; the order denying defendants' motion to vacate default; and the final default judgment. Defendants argue, inter alia, that the trial court 1) erred in striking the pleadings without evidence of bad faith and in failing to include express findings of willfulness in its order; and 2) exceeded its authority in ordering the transfer of title and subsequent sale of purported homestead property to satisfy the judgment against Perez.

We review the orders striking pleadings and entering default judgment, as well as the order denying motion to vacate default, under an abuse of discretion standard. See Mercer v. Raine, 443 So. 2d 944 (Fla. 1983); Karan v. Pernia, 343 So. 3d 689 (Fla. 3d DCA 2022);[3] Bistricer v. Oceanside

---

an appeal is inconsistent with the concept of appellate review and with proper administration of justice."); see also Fla. R. App. P. 9.040(d) ("At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties."); Pakonis v. Clark, 183 So. 3d 386, 387 (Fla. 3d DCA 2014) ("[A]ny defect in failing to expressly name Prejean–Graves and Lee as appellees in the notice of appeal or the failure to attach the directed verdict order to the notice should be treated as non-jurisdictional.") (citing Westfield Ins. Co. v. Sloan, 671 So. 2d 881 Fla. 5th DCA 1996) and quoting Fla. R. App. P. 9.110(d) ("The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.")).

[3] In Karan v. Pernia, 343 So. 3d 689, 690 (Fla. 3d DCA 2022), we noted the distinction between our standard of review of an order denying a motion to

4

Acquisitions, LLC, 59 So. 3d 215, 216 (Fla. 3d DCA 2011). With one exception (addressed *infra*), we find no abuse of discretion in the trial court's orders striking defendant's pleadings, denying motion to vacate default, and entering final judgment for failure to comply with its prior orders.[4]

The one exception relates to that portion of the trial court's order which, without conducting an evidentiary hearing, directed the transfer and sale of real property located at 96000 Overseas Highway, M4, Key Largo, Florida. Perez had asserted, in an affidavit filed with the trial court the day before the operative hearing, that this property was Perez's constitutionally protected homestead and could not be the subject of a forced sale. Perez contended below (and on appeal) that the trial court erred in ordering the transfer of title

---

vacate default (abuse of discretion) and an order denying motion to vacate default final judgment (gross abuse of discretion).

[4] We hold that the trial court's findings and its order striking pleadings and entering default were sufficient given the record below establishing that the conduct "was the result of [defendants'] willful and deliberate disregard of the court's orders, rather than any mistake or inadvertence." Ledo v. Seavie Res., LLC, 149 So. 3d 707, 711 (Fla. 3d DCA 2014). Moreover, to the extent they contend the trial court failed to make required findings, defendants failed to preserve the issue by raising it in their motion for rehearing. See Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

of this homestead property and its forced sale to satisfy the original final judgment.[5]

We agree that the trial court erred in ordering the transfer and sale of the property located at 96000 Overseas Highway, M4, Key Largo, Florida without first determining the validity of Perez's homestead claim. While we are sympathetic to the trial court's evident frustration with the conduct of defendants below, and recognize that Perez raised his homestead claim in a dilatory manner, the constitutional dimension of Perez's homestead claim, and the protection it affords (should Perez be able to establish the validity of his homestead claim) renders erroneous the trial court's inclusion of this property within the scope of its order, in the absence of an evidentiary hearing to determine the validity of Perez's homestead claim. See DeMayo v. Chames, 934 So. 2d 548, 551 (Fla. 3d DCA 2006) ("Article X, section 4 'protects the homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself' and that other than for the purposes stated in this provision, cannot be waived." (quoting Sherbill v. Miller Mfg. Co., 89 So. 2d 28, 31 (Fla. 1956))); Albritton v. Scott, 73 Fla. 856, 858 (Fla. 1917) ("When a homestead to which the

---

[5] In his answer brief, Glade offered no substantive response to this claim, contending only that Perez was not a proper party to this appeal.

6

exemption from forced sale is attached is sold in violation of the exemption rights conferred by the Constitution, such sale is void. A mere failure to resist the sale is not a waiver of the exemption rights."); Fid. & Cas. Co. of N.Y. v. Magwood, 107 Fla. 208, 210 (Fla. 1932) ("It is true that the appellee here could have interposed his claim of homestead exemption in that suit, but, having failed to interpose it there, he is not precluded from exercising his constitutional right to contest his ouster from his homestead. Where a homestead has been acquired it can be waived only by abandonment or by alienation in the manner provided by law."). In fact, a homestead claim can even be raised for the first time on appeal. See, e.g., Dyer v. Beverly & Tittle, P.A., 777 So. 2d 1055, 1059 (Fla. 4th DCA 2001) ("We reject appellee's argument that appellants waived the homestead defense because they did not assert it until this proceeding. Although Mr. Dyer did not raise his homestead status until this appeal, the record does not show that he abandoned the property or alienated it in a manner provided by law."); Barton v. Oculina Bank, 26 So. 3d 640, 641 (Fla. 4th DCA 2010) ("Although the appellant did not raise the defense that the property is his homestead before the summary judgment was entered, it may be raised for the first time on appeal.") (citing Dyer, 777 So. 2d at 1059); see also Pelecanos v. City of Hallandale Beach, 914 So. 2d 1044, 1047 (Fla. 4th DCA 2005) (rejecting

7

City's argument that the trial court could impose a lien on homestead property as a sanction for appellant's repeated violation of court orders, and reversing final judgment imposing equitable lien on homestead property: "While we certainly empathize with the trial court's frustration with the appellants' noncompliance, it is not our province to judicially create another exception to the plain and unambiguous language of article X, section 4.").

We therefore affirm the trial court's orders in all respects, save for the property located at 96000 Overseas Highway, M4, Key Largo, Florida. We reverse the trial court's order to the extent that it directed the transfer and sale of that property, and remand for further proceedings consistent with this opinion, including (if appropriate)[6] an evidentiary hearing related to a determination of the validity of Perez's homestead claim.

---

[6] See, e.g., DiGiorgio v. DiGiorgio, 48 So. 3d 968, 970 (Fla. 3d DCA 2010):

> The filing of the husband's Notice of Homestead Affidavit, wherein he makes a claim for homestead exemption, is not the determining factor of whether or not the property is the husband's homestead and it matters not if the Notice of Homestead Affidavit was filed after the judgment lien. The question of whether the property constitutes homestead can be answered only upon proof of the husband's residence. While we agree with the husband that the levy and execution of the parties' property may be barred by the protection of homestead, the question of whether the property is, in fact, the husband's homestead can only be answered by evidentiary proof. Only after the question of whether the property is the husband's homestead is answered by evidentiary proof can it be determined if the trial court properly

8

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

denied the motion to strike execution and sheriff's sale. The determination of whether the property is homestead is a question of fact to be resolved by the trier of fact below.